# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER J. WERDER** and **DEBBIE GIBSON**, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 2:10cv1656 **Electronic Filing** |
| **MARRIOTT INTERNATIONAL, INC.,** **MARRIOTT VACATION CLUB INTERNATIONAL, INC.,** (previously known as Marriott Ownership Resorts, Inc.) d/b/a **MARRIOTT VACATION CLUB, MARRIOTT ARUBA SURF CLUB**, and **OTIS ELEVATOR COMPANY**, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

AND NOW, this 20th day of September, 2012, upon due consideration of plaintiff's second motion to compel discovery directed to defendants Marriott and the parties' submissions in conjunction therewith, IT IS ORDERED that [50] the motion be, and the same hereby is, granted as follows: counsel for defendants Marriott shall take all reasonable efforts to assure that defendants Marriott abide by the representations contained in Defendants Marriott's Memorandum in Opposition. The motion is denied in all other aspects.

Although defendants Marriot apparently seek to preserve the attorney-client and work product privileges in conjunction with their responses to plaintiffs' discovery requests, the record evidences these defendants' continued "good faith belief that Plaintiffs are already in possession of known documents responsive to the corresponding request." Marriott Defendants' Memorandum in Opposition (Doc. No. 53) at 1. In each of the answers to Plaintiff's First Set of

Requests for Production of Documents, defendants Marriot stated that all known requested materials have been produced.  Defendants Marriot reiterated this belief in their Memorandum in Opposition to Plaintiff's Second Motion to Compel.  Such declarations must be taken at face value, as there is no information or evidence to suggest otherwise.  It is proper to assume defendants Marriot's counsel's continued declarations are in compliance with counsel's ethical obligations and required candor to the tribunal.  In addition, counsel represents that defendants Marriott will continue to abide by their obligations to update their discovery responses should additional information be discovered and to produce a privilege log for any documents withheld as privileged.  As a result of counsel's representations, the record indicates that all known responsive documents have been produced and the need to update any discovery responses will be undertaken if and when it becomes necessary to do so.  Consequently, there is no basis to grant further relief.

                                                s/ David Stewart Cercone  
                                                David Stewart Cercone  
                                                United States District Judge

cc:    Jason A. Archinaco, Esquire  
        Robert A. Brachen, Esquire  
        Christine O. Boyd, Esquire  
        John V. Jackson, II, Esquire

        (*Via CM/ECF Electronic Filing*)