**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CHRISTOPHER J. WERDER** and **DEBBIE GIBSON**, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) 2:10cv1656<br>) **Electronic Filing** |
| **MARRIOTT INTERNATIONAL, INC.,** **MARRIOTT VACATION CLUB INTERNATIONAL, INC.,** (previously known as Marriott Ownership Resorts, Inc.) d/b/a **MARRIOTT VACATION CLUB, MARRIOTT ARUBA SURF CLUB**, and **OTIS ELEVATOR COMPANY**, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM ORDER

AND NOW, this 20th day of September, 2012, upon due consideration of plaintiff's motion to compel defendant Otis Elevator Company's production of communications and documents withheld as privileged, IT IS ORDERED that [51] the motion be, and the same hereby is, denied.

Plaintiff's objection to the applicability of the attorney-client privilege is misplaced. In order for the attorney-client privilege to apply under Pennsylvania law, "the party asserting the privilege must demonstrate that: (1) the information for which the protection is sought was a communication from a client to an attorney, or from an attorney to the client; (2) the communication was kept confidential; and (3) the communication was made for the purpose of obtaining or providing legal advice." Lefta Associates v. Hurley, 2011 WL 2456616, * 7 (M.D. Pa. June 16, 2011) (citing in support Gillard v. AIG Ins. Co., 15 A.3d 44, 59 (Pa.2011)). In

addition to a traditional attorney-client communication, courts have determined that a communication is protected if the client reasonably believes it is communicating with a lawyer in an effort to obtain legal advice.  See, e.g., Triffin v. Disalvo, 643 A.2d 118, 120 (Pa. Super. 1994); see also 5 McCormick, EVIDENCE, § 88 at 322.

Here, no evidence or information has been presented that casts doubt on the truthfulness of defendant Otis' account of the "mutual mistake" between defendant Otis' counsel and the principals at Caribbean Elevator that led those parties to believe an attorney-client relationship existed.  Under such circumstances, plaintiff's request to access the communications generated between defense counsel and Caribbean Elevator's principals at a time when Caribbean Elevator reasonably believed defense counsel was the company's attorney is misplaced.

Plaintiff's objection that defendant Otis waived the work-product protection also is wide of the mark.  The work-product doctrine is reflected in Federal Rule of Civil Procedure 26(b), which provides that "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial" unless otherwise discoverable or the party shows substantial need for the material.  Fed. R. Civ. Proc. 26(b)(3).  In the seminal case of Hickman v. Taylor, 329 U.S. 495 (1947), the Supreme Court first recognized the doctrine pursuant to the principle that permitting attorneys to prepare their cases without fear that their work product would be used against their clients advances the adversarial system.  Id. at 510-11.  In United States v. Nobles, 422 U.S. 225, 238 (1975), the Supreme Court further opined that the doctrine "shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case."  Included within this category are trial preparation documents that reflect the fruits of the attorney's endeavors, any compendium of evidence prepared by the

attorney and any of the attorney's mental impressions, opinions or theories.  Id. at 236-39.  Also protected are those materials prepared by an attorney's agent.  Id. at 238-39.

The work-product doctrine furthers the adversary system by protecting the confidentiality of papers prepared by or on behalf of attorneys in anticipation of litigation.   This protection in turn "promotes the adversary system by enabling attorneys to prepare cases without fear that their work product will be used against their clients."  Westinghouse Elec. Corp. v. Republic of Philippines, 951 F.2d 1414, 1427 (3d Cir. 1991) (citing Hickman, 329 U.S. at 510-11 and United States v. AT & T, 642 F.2d 1285, 1299 (D.C. Cir. 1980)).

The party seeking the protection has the burden of proving the doctrine applies.  Conoco, Inc. v. U.S. Dep't of Justice, 687 F.2d 724, 730 (3d Cir.1982).  Once that burden has been met, protected work product is "afforded near absolute protection from discovery."  In rep Cendant Corp. Sec. Litig., 343 F.3d 658, 663 (3d Cir. 2003).  A limited exception exists where the party seeking disclosure can demonstrate a substantial need for the material and the inability without undue hardship to obtain the substantial equivalent of it by other means.  Fed. R. Civ. P. 26(b)(3).

This work-product protection can be waived should a party disclose pertinent information to an adversary or third party.   A disclosure to a third party does not necessarily waive the privilege.  Westinghouse Elec. Corp., 951 F.2d at 1428.  In this jurisdiction "a party who discloses documents protected by the work-product doctrine may continue to assert the doctrine's protection only when the disclosure furthers the doctrine's underlying goal."  Id. at 1429.

Defendant Otis' counsel's characterization of the attendant circumstances of their initial investigation, specifically regarding the mistaken attorney-client relationship between defendant

3

Otis' counsel and Caribbean Elevators, is not a disclosure sufficient to waive the work-product protection.  The sentences plaintiffs' counsel highlight in Otis' Prefatory Statement do not divulge any substantive details of the communications between defendant Otis' counsel and Caribbean Elevator.  To the contrary, the sentences merely explain why certain communications are being withheld.  The disclosure of such information is not inconsistent with the maintenance of secrecy against an opponent and serves to maintain the proper boundaries of the privilege.  The disclosure is thus neither a waiver of the privilege nor a communication that transgresses or undermines its underlying goals.

Finally, plaintiffs' objections to the deficiency of defendant Otis' privilege log are unavailing.  When a party withholds information from discovery on the basis of an asserted privilege, Federal Rules of Civil Procedure 26(b)(5) requires that "[t]he party shall make the claim expressly and shall describe the nature of the documents, communications, or other things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection."

Although leaving much to be desired, defendant Otis' repeated description of each document as "communications regarding instant litigation" does not in itself warrant the production of all withheld documents.  Defendant Otis also has provided for each communication the specific dates, the protection invoked, and the name of the sender and recipient along with their respective titles and places of business.  Furthermore, the supplementing information found in defendant Otis' Prefatory Statement, Answers to Interrogatories, and Answers to Requests for Production of Documents provides additional context to the communications.  Collectively, this information adequately satisfies the standard

4

set forth in Rule 26(b)(5).  Compare Smithkline Beecham Corp. v. Apotex Corp., 232 F.R.D. 467, 482-83 (E.D. Pa. 2005) (log containing vague or general description of privilege deemed sufficient where supplemental information identified author and recipient and that the attorney involved was acting in his capacity as a legal advisor); Bowne of New York City, Inc. v. AmBase Corp., 150 F.R.D 465, 473-74 (S.D. N.Y. 1993) (a privilege log typically identifies the document, the parties to the communication, and enough detail to permit an initial judgment as to whether the communication is protected, with more or additional information being supplied by affidavit if it becomes necessary to do so).  It likewise indicates that the underlying factual information has been disclosed and provides sufficient information to demonstrate that the privilege properly has been invoked.  Consequently, plaintiffs' motion to compel has been denied.

s/ David Stewart Cercone
David Stewart Cercone
United States District Judge

cc:   Jason A. Archinaco, Esquire
      Robert A. Brachen, Esquire
      Christine O. Boyd, Esquire
      John V. Jackson, II, Esquire

      (*Via CM/ECF Electronic Filing*)