IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**CHRISTOPHER J. WERDER** and )
**DEBBIE GIBSON**, )
)
        Plaintiffs, )
)
    v. ) 2:10cv1656
) **Electronic Filing**
**MARRIOTT INTERNATIONAL, INC.,** )
**MARRIOTT VACATION CLUB** )
**INTERNATIONAL, INC.,** (previously )
known as Marriott Ownership Resorts, )
Inc.) d/b/a **MARRIOTT VACATION** )
**CLUB, MARRIOTT ARUBA SURF** )
**CLUB**, and **OTIS ELEVATOR** )
**COMPANY**, )
)
        Defendants. )

## MEMORANDUM ORDER

AND NOW, this 24th day of January 2013, upon due consideration of defendant's motion to amend and the parties' submissions in conjunction therewith, IT IS ORDERED that the motion be, and the same hereby is, granted. Defendant shall file its amended answer without undue delay.

In February 2009, Christopher Werder and his wife Debbie Gibson ("plaintiffs") were on vacation in Aruba and staying at the Marriot Aruba Surf Club. Complaint at ¶ 34. On or about February 3, 2009, Werder was riding in an elevator when it malfunctioned and fell approximately seven stories. Id. at ¶¶ 35, 36, 40. He suffered significant injuries as a result of the fall. Id. at ¶¶ 41-8.

On December 13, 2010, plaintiffs filed their complaint and named as defendants Marriot International, Inc., Marriott Vacation Club International, Inc., d/b/a Marriot Vacation Club and Marriot Aruba Surf Club, and Otis Elevator Company ("Otis"). Id. at ¶¶ 3, 8, 14, 22. On

February 14, 2011, Otis filed an answer and admitted that it manufactured and maintained the elevator. Otis's Answer (Doc. No. 7) at ¶ 26.

On July 7, 2011, Otis filed a motion to amend its answer after discovering information which led it to believe that it did not manufacture or maintain the elevator. Otis's Motion to Amend its Answer (Doc. No. 20) at ¶ 3. On July 20, 2011, plaintiffs filed a response in opposition and on August 9, 2011, Otis filed a reply in support of its motion to amend.

On August 9, 2011, the court conducted a case management conference with counsel. The issue of whether all appropriate parties for effective utilization of this court's ADR process was raised. The court advised counsel that it would issue a case management order that would permit the parties to proceed with general discovery. In addition, it would enter an order permitting the parties to focus on the issues raised by Otis' motion to amend and suspend the parties' obligation to complete the ADR process until that discovery was complete.

After the conference plaintiffs filed a motion to conduct discovery as to corporate ownership and/or other matters relating to Otis' motion to amend. The court issued an order on August 15, 2011, granting plaintiffs' motion for leave to conduct discovery and directing the parties to "focus their primary efforts in discovery on the issues raised in/by Defendant Otis Elevator's Motion to Amend and whether an additional party will need to be added before proceeding with further pretrial development and complying with the court's ADR program." Order of August 15, 2011 (Doc. No. 30). This court issued subsequent orders extending the corporate entity discovery through February 13, 2012. See Order of December 5, 2011 (Doc. No. 45).

Otis seeks to amend its answer to disavow that it manufactured or maintained the elevator. See Motion to Amend (Doc. No. 54) at ¶¶ 2-3, 12. It argues that its motion to amend should be granted because (1) it has/had no direct ownership of the entities that manufactured

and maintained the elevator, Otis S.C.S. and/or Carel Elevators, (2) it is not acting under bad faith or causing undue delay, and (3) plaintiffs will not be unduly prejudiced by the amended answer.

Plaintiffs argue that Otis' motion should be denied on the grounds of undue delay, bad faith and futility. Specifically, the motion is untimely because Otis waited five motions before making its motion and as a result the time for adding new parties under Rule 4(m) may have expired. Given this backdrop Otis and any related entity will be able to argue that plaintiffs are time-barred from adding any additional parties.

Furthermore, plaintiffs assert the motion is futile and in bad faith because (1) plaintiff Christopher Werder was injured on an elevator branded as an "Otis" elevator; (2) he was injured on an elevator model that was introduced in Europe by defendant; (3) the contract upon which Carel distributed and provided maintenance to Otis elevators was between Carel and defendant; (4) defendant is one of the owners of Otis S.C.S.; (5) and another court has rejected this kind of argument from defendant in the past. Otis maintains that plaintiffs' ability to add new parties was not and will not be affected by the timing of the motion to amend and the requested relief does not preclude plaintiffs from seeking to maintain their claims against Otis.

Rule 15(a) provides that leave should be freely given "when justice so requires." Fed. R. Civ. P. 15(a). Determinations of whether to grant leave are committed to the sound discretion of the court. Foman v. Davis, 371 U.S. 178, 182 (1962). Grounds that justify a denial or conditional restriction include "undue delay, bad faith, dilatory motive, prejudice, and futility." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)). Denying leave based upon one or more of these factors must be grounded in specific findings that justify the exercise of the court's discretion. Coventry v. United States Steel Corp., 856 F.2d 514, 518 (3d Cir. 1988).

3

"The mere passage of time does not require that a motion to amend a complaint [or answer] be denied on the grounds of delay." Cureton v. National Collegiate Athletic Assoc., 252 F.3d 267, 273 (3d Cir. 2001) (citation omitted). "In fact, delay alone is an insufficient ground to deny leave to amend." Id. It is only when the delay becomes (1) "undue" and places an unwarranted burden on the court or (2) prejudicial and places an unfair burden on the opposing party that restricting leave to amend becomes warranted as a result of the passage of time. Id. The focus of the court's inquiry under this factor is based upon the movant's reasons for not seeking leave at an earlier date. Id.

In contrast, "substantial or undue prejudice to the non-moving party is a sufficient ground for denial of leave to amend." Id. The inquiry under this prong is based upon the hardship the non-movant will endure if the amendment is permitted. Id.

As a general matter "prejudice under [Rule 15] means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the party." Lundy v. Adamar of New Jersey, Inc., 34 F.3d 1173, 1189 n.8 (3d Cir. 1994) (quoting Deakyne v. Commissioners of Lewes, 416 F.2d 290, 300 n.19 (3d Cir. 1969)). In other words, to show prejudice the party opposing the amendment "must show that it [will be] unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have [otherwise] offered." Id. (citation omitted); Cureton, 252 F.3d at 273 (Changes in the legal or factual basis of a claim that will prevent the defendant from presenting a defense reflect the hallmark of substantial prejudice.).

The issue of prejudice is a factual matter that must be resolved by the court. Resolution of the issue must be based upon specific findings of fact reflecting actual prejudice. Coventry, 856 F.2d at 518 ("the district court did not, however, identify any particular prejudice that would

result from permitting the amendment [and] for that reason, we are persuaded that its decision was in error.").

Otis' Motion to Amend is not in bad faith. Plaintiffs do not produce any evidence to support their contention of bad faith. Rather, they merely point to asserted evidence of Otis' alleged involvement with the elevator to argue both bad faith and futility. They cannot eviscerate or discredit as a matter of law the evidence Otis has mustered to show that it did not manufacture or maintain the elevator. The purpose of the limited discovery afforded on this issue was for the benefit of each party to discover Otis' and any other third-party's involvement with the elevator.[1] Highlighting that the record now contains evidence to support conflicting views about Otis' involvement with the elevator does not provide a foundation for a finding of bad faith or futility. Neither requirement equates to an adjudication on the merits. To the contrary, the conflicting positions clearly signify that the issue of Otis' involvement is a matter to be resolved at summary judgment and/or trial.

Nor have plaintiffs demonstrated that permitting Otis to amend will created undue prejudice. Plaintiffs assert that they will be prejudiced because defendants will argue that plaintiffs are time-barred from adding any additional parties. Plaintiffs' position is based on pure conjecture because plaintiffs have not attempted to add a third-party and assumes that defendants have standing to assert any such argument on behalf of any contemplated third party. In fact, plaintiffs note that they may add additional parties and/or seek leave to amend the claims against Otis if its motion is granted and as a result plaintiffs have not attempted to address the potential applicability of Rules 15(c) and 4(m). Addressing plaintiffs' assertions of prejudice under such circumstances would at best be premature.

---

[1] This court's orders permitting discovery were intended to benefit plaintiffs by giving them access to the relevant information so they could explore Otis' basis for amendment and decide if additional parties needed to be added to the lawsuit.

Moreover, plaintiffs had ample and timely notice of Otis' intention to amend and their rights will not be substantially affected by the amendment. Plaintiffs did not file their complaint until twenty-two months after the accident. Otis did not file its answer until twenty-four months after the accident. Thus, little time if any of the presumptive two year statute of limitations was consumed under the premise that Otis had admitted manufacturing and maintaining the elevator.

Furthermore, plaintiffs received notice on July 7, 2011, that Otis was seeking leave to amend. At that juncture plaintiffs were put on notice that Otis believed it had made a mistake and intended to take the position that it did not manufacture or maintain the elevator. At any time after July 7, 2011, plaintiffs could have moved to add any additional parties to the lawsuit provided this court would have jurisdiction over such additional third parties.[2] Electing to stand fast and oppose Otis' motion after receiving notice and engaging in months of discovery is a strategic position that plaintiffs elected at their own peril.

Moreover, plaintiffs received notice of Otis' intention to amend approximately five months after Otis filed its answer. Plaintiffs' complaint tasked Otis with ascertaining its involvement with an elevator in a foreign jurisdiction. There was a basis for Otis to assume that it had manufactured and maintained the elevator. There is no evidence that the subsequently discovered information was readily available to Otis when it filed its answer and Otis simply chose to ignore or turn a blind eye to its existence for strategic reasons. To the contrary, it appears that Otis revealed the information promptly after it was uncovered. Under these circumstances there is no basis to assume that Otis strategically waited to file its motion and/or that Otis' pleading has unduly prejudiced plaintiffs' rights .

---

[2] Assuming that jurisdiction over such entities cannot properly invoked in this district, plaintiffs also were free to seek relief in another venue where jurisdiction could be had over any such third party.

6

The issue raised is whether leave to amend should be granted. Leave was sought merely five months after defendant filed its answer and before the court even held its first Rule 16 conference with the parties. There is no evidentiary basis to support a finding of undue delay, undue prejudice or futility. Amending the pleadings is the first step in litigating material factual matters. It follows that Otis' motion to amend properly has been granted.

s/ David Stewart Cercone  
David Stewart Cercone  
United States District Judge

cc:   Jason A. Archinaco, Esquire
      Robert A. Brachen, Esquire
      Christine O. Boyd, Esquire
      John V. Jackson, II, Esquire
      Lawrence A. Sutter, Esquire

      (*Via CM/ECF Electronic Filing*)